UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
................................................................
UNITED STATES OF AMERICA,

VS.

KEVIN WALKER
................................................................

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.
★ OCT 2006 ★
BROOKLYN OFFICE

AMENDED
JUDGMENT INCLUDING SENTENCE

NO. __CR 05-152(S-3)01(JG)__
USM# __72409-053__

| Walter Norkin | Anthony Frisilone | Larry J. Silverman, Esq. |
|---|---|---|
| Assistant United States Attorney | Court Reporter | Defendant's Attorney |

The defendant __Kevin Walker__ having been found guilty by a jury on counts one and two of a third superseding indictment accordingly, the defendant is ADJUDGED guilty of such Count(s), which involve the following offenses:

| TITLE AND SECTION | NATURE OF OFFENSE | COUNT NUMBERS |
|---|---|---|
| 18USC1344 | DEFRAUDING FINANCIAL INSTITUTIONS | ONE AND TWO |

The defendant is sentenced as provided in pages 2 through 5 of the Judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1988.

__X__ The defendant is advised of his/her right to appeal within ten (10) days.
___ The defendant has been found not guilty on count(s) and discharged as to such count(s)
__X__ The underlying indictment is dismissed on the motion of the United States.
___ The mandatory special assessment is included in the portion of Judgment that imposes a fine.
__X__ It is ordered that the defendant shall pay to the United States a special assessment of $200.00 which shall be due immediately.

It is further ORDERED that the defendant shall notify the United States Attorney for this District within 30 days of any change of residence or mailing address until all fines, restitution, costs and special assessments imposed by this Judgment are fully paid.

JUNE 9, 2006
Date of Imposition of sentence

s/John Gleeson
JOHN GLEESON, U.S.D.J.

Date of signature
A TRUE COPY ATTEST
DEPUTY CLERK
Vivian Klein   10-11-06

DEFENDANT:  KEVIN WALKER  
CASE NUMBER: **CR 05-152(S-3)-01(JG)**  

JUDGMENT-PAGE 2 OF 5

## IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a term of   NINETY-SIX (96) MONTHS ON EACH OF COUNTS ONE AND TWO TO RUN CONCURRENTLY.

__X__   The defendant is remanded to the custody of the United States Marshal.

____   The defendant shall surrender to the United States Marshal for this District.

____   The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons.

  _____ -12:00 noon._____ .
  _  As notified by the United States Marshal.
  _  As notified by the Probation Office.

### RETURN

I have executed this Judgment as follows:

_____

_____

_____

Defendant delivered on _____ to _____ at _____ with a certified copy of this Judgment.

_____
United States Marshal

By: _____

DEFENDANT: **KEVIN WALKER**
CASE NUMBER  CR 05–152(S-3)-01(JG)                               JUDGMENT-PAGE 3 OF 5

## SUPERVISED RELEASE

Upon release from Imprisonment, the defendant shall be on supervised release for a term of: **FIVE (5) YEARS ON EACH OF COUNTS ONE AND TWO TO RUN CONCURRENTLY.**

The defendant shall report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

While on supervised release, the defendant shall not commit another Federal, State, or Local crime and shall comply with the standard conditions that have been adopted by this Court (Seaforth on the following page).

The defendant is prohibited from possessing a firearm.

The defendant shall not illegally possess a controlled substance.

If this Judgment imposes a restitution obligation, it shall be a condition of supervised release that the defendant pay any such restitution that remains unpaid at the commencement of the term of supervised release. The defendant shall comply with the following additional conditions:

— The defendant shall pay any fines that remain unpaid at the commencement of the term of supervised release.

THE DEFENDANT IS TO COMPLY WITH THE RESTITUTION ORDER AND PARTICIPATE IN SUBSTANCE ABUSE TREATMENT UNDER THE DIRECTION AND SUPERVISION OF THE PROBATION DEPARTMENT.

DEFENDANT:  KEVIN WALKER
CASE NUMBER:   CR 05-152(S-3)01(JG)                                JUDGMENT-PAGE 4 OF 5

## STANDARD CONDITIONS OF SUPERVISION

While the defendant is on probation or supervised release pursuant to this Judgment:

1) The defendant shall not leave the judicial district without the permission of the court or probation officer;

2) The defendant shall report to the probation officer as directed by the court or probation officer and shall submit a truthful and complete written report within the first five days of each month;

3) The defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;

8) The defendant shall support his or her dependents and meet other family responsibilities;

5) The defendant shall work regularly at a lawful occupation unless excused by the probation officer for schooling, training or other acceptable reasons:

6) The defendant shall notify the probation officer within 10 days prior to any change in residence or employment;

7) The defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any narcotic or other controlled substance, or any paraphernalia related to such substances, except as prescribed by a Physician;

8) The defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;

9) The defendant shall not associate with any persons engaged in criminal activity, and shall not associate with any person convicted of a felony unless granted permission to do so by the probation officer;

10) The defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;

11) The defendant shall notify the probation officer within 72 hours of being arrested or questioned by a law enforcement officer;

12) The defendant shall not enter into any agreement to act as an informer or special agent of a law enforcement agency without the permission of the court;

13) As directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics, and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

DEFENDANT: KEVIN WALKER
CASE NUMBER: CR 05-152(S-3)-01(JG)                           JUDGEMENT 5 OF 5

## CRIMINAL MONETARY PENALTIES

| COUNT | FINE | RESTITUTION |
|---|---|---|
| ONE AND TWO | | $276,465.06 |

---

### RESTITUTION

____ The determination of restitution is deferred in a case brought under Chapters 109A, 110, 110A, and 113A of the Title 18 for offenses committed on or after 9/13/1998, until _____. an amended judgment in a Criminal case will be entered after such determination.

__X__ The defendant shall make restitution to the following payees in the amounts listed below.

| | |
|---|---|
| Branch Banking and Trust | $     746.00 |
| Social Security Administration | $ 61,201.20 |
| Northfork Bank | $112,000.00 |
| HSBC Bank | $102,517.86 |

If the defendant makes a partial payment, each payee shall receive an approximately proportional payment unless specified otherwise in the priority order or percentage payment column below.
No payments shall be made until after the defendant's release from prison. He will then be required to pay 25% of his gross monthly income each month to the Clerk of the Court.

**TOTALS:** $276,465.06

Findings for the total amount of losses are required under Chapters 109A, 110, 110A, 113A of the Title 18 for offenses committed on or after September 13, 1998.